UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: )<br>)<br>BLACKHAWK AUTOMOTIVE )<br>PLASTICS, INC., ET AL., )<br>)<br>              DEBTORS. )<br>) | CHAPTER 11<br><br>CASE NO. 07-42671<br>(JOINTLY ADMINISTERED)<br><br>JUDGE KAY WOODS |

| | |
|---|---|
| **THE OFFICIAL COMMITTEE OF** )<br>**UNSECURED CREDITORS OF** )<br>**BLACKHAWK AUTOMOTIVE** )<br>**PLASTICS, INC. AND TIER E** )<br>**AUTOMOTIVE, INC.,** )<br>)<br>           PLAINTIFF, )<br>)<br>v. )<br>)<br>Giant Eagle, Inc. )<br>101 Kappa Drive )<br>Pittsburgh, PA  15238 )<br>)<br>           DEFENDANT. )<br>)<br><u>Also Serve its Registered Agent</u>: )<br>)<br>David S. Shapira, President )<br>101 Kappa Drive )<br>Pittsburgh, PA  15238 )<br>) | ADVERSARY PROCEEDING NO:<br><br>_____ |

### COMPLAINT TO AVOID AND RECOVER PREFERENTIAL PAYMENTS

The Official Committee of Unsecured Creditors (the "Committee" or the "Plaintiff") of Blackhawk Automotive Plastics, Inc. ("BAP") and Tier e Automotive, Inc. ("Tier e," and together with BAP, the "Debtors"), by its undersigned counsel, FROST BROWN TODD LLC, brings this Complaint, on behalf of the Debtors, to Avoid and Recover Preferential Payments made for the benefit of Giant Eagle, Inc. (the "Defendant") and alleges:

1

CINLibrary 0113837.0555079 2022536v1

07-42671-kw    Doc 1054    FILED 10/21/09    ENTERED 10/21/09 12:33:45    Page 1 of 8

**General Background**

1. On October 22, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court.

2. On December 13, 2007, this Court entered its *Final Order (I) Authorizing Continued Secured Postpetition Financing, (II) Granting Senior Liens and Superpriority Administrative Expense Status, (III) Granting Limited Relief from the Automatic Stay, and (IV) Granting Related Relief* [DE # 242] (the "Final Financing Order")

3. The Final Financing Order provides, in relevant part that the Committee shall be responsible for and handle the investigation and prosecution of causes of action arising under the avoidance provisions of chapter 5 of the Bankruptcy Code (collectively, the "Chapter 5 Causes of Action").

4. On August 1, 2008, this Court entered the *Stipulation and Agreed Order to Allow the Official Committee of Unsecured Creditors Standing to Assert Certain Claims on Behalf of the Debtors' Estates* [DE # 689] (the "Agreed Order").

5. The Agreed Order provides, in relevant part, that the Committee has derivative standing to pursue certain Chapter 5 Causes of Action arising under sections 547, 548, and 550 of the Bankruptcy Code, in the place and stead of the Debtors.

6. On May 9, 2008, the Committee, on behalf of the Debtors, transmitted a letter to the Defendant, pursuant to sections 547(b) and 550 of the Bankruptcy Code, demanding that the Defendant return certain preferential payments totaling $8550.00 (the "May 9th Letter").

7. The Defendant has failed or otherwise refused to return the preferential payments.

## Jurisdiction, Venue and Parties

8. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

9. This Adversary Proceeding constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), (A), (B), (E), (F) and (O).

10. This Adversary Proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

11. Venue is proper pursuant to 28 U.S.C. § 1409(a).

12. This Adversary Proceeding is brought pursuant to 11 U.S.C. §§ 105, 502(d), 547, 550 and 1142.

13. This Court has personal jurisdiction over the Defendant pursuant to Rule 7004(f) of the Federal Rules of Bankruptcy Procedure and as a result of the Defendant's minimum contacts with the United States.

## Count I

14. Paragraphs 1 through 13, above, are incorporated herein by reference.

15. During the ninety (90) days prior to the Petition Date (the "Preference Period"), the Debtors transferred the aggregate sum of $8550.00 to the Defendant, for payment of preexisting obligations (the "Preferential Transfers"), which Preferential Transfers are described more fully in <u>Exhibit A</u> attached hereto and incorporated herein.

16. Funds for the Preferential Transfers came from checks written against the Debtors' accounts payable disbursement account at LaSalle Bank N.A. and/or were a wire transfer of funds of the Debtors and constitute an interest of the Debtors in property. The Preferential Transfers diminished the value of the Debtors' estates by the amount of the Preferential Transfers.

3

CINLibrary 0113837.0555079 2022536v1

07-42671-kw    Doc 1054    FILED 10/21/09    ENTERED 10/21/09 12:33:45    Page 3 of 8

17. The Preferential Transfers were made by the Debtors to or for the benefit of the Defendant as a creditor of the Debtors, for or on account of antecedent debt for goods, services and/or the lease of real or personal property owed by the Debtors before the Preferential Transfers were made.

18. The Debtors were insolvent at the time of the Preferential Transfers.

19. It is not expected that the Debtors' secured lenders will be paid in full in these bankruptcy proceedings. As such, the Preferential Transfers by the Debtors to the Defendant, which were made for the benefit of the Defendant, enabled the Defendant to receive more than the Defendant would have received on account of the antecedent debt if this proceeding were a proceeding under chapter 7 of the Bankruptcy Code, the Preferential Transfers had not been made, and the Defendant received payment of such debt to the extent provided for by the provisions of the Bankruptcy Code.

20. Plaintiff, on behalf of the Debtors, may avoid the Preferential Transfers made to the Defendant, pursuant to section 547(b) of the Bankruptcy Code.

21. Pursuant to section 550 of the Bankruptcy Code, the Plaintiff, on behalf of the Debtors, may recover the value of the Preferential Transfers made to the Defendant.

22. Accordingly, the Plaintiff, on behalf of the Debtors, is entitled to judgment against the Defendant avoiding the Preferential Transfers and recovering the value of the Preferential Transfers plus pre-judgment interest, post-judgment interest, costs, and attorney's fees.

## **Count II**

23. Paragraphs 1 through 22, above, are incorporated herein by reference.

24. The Defendant is a transferee as that term is defined in section 550(a) of the Bankruptcy Code.

25. Pursuant to section 550 of the Bankruptcy Code, Plaintiff, on behalf of the Debtors, is entitled to recover the Preferential Transfers avoided under section 547 of the Bankruptcy Code.

26. Any transfer avoided by this Court pursuant to section 547 of the Bankruptcy Code is preserved for the benefit of the Debtors' estates with respect to property of the Debtors' bankruptcy estates, pursuant to section 551 of the Bankruptcy Code.

27. Accordingly, Plaintiff, on behalf of the Debtors, is entitled to judgment against the Defendant awarding the Preferential Transfers or their value to the Debtors' estates and preserving such value for the Plaintiff, on behalf of the Debtors, for the benefit of the Debtors' estates, plus pre-judgment interest, post-judgment interest, costs and attorney's fees.

## Count III

28. Paragraphs 1 through 27, above, are incorporated herein by reference.

29. The Defendant is the transferee of the Preferential Transfers.

30. Defendant has or may claim to have a claim or claims against the Debtors' estates.

31. The Plaintiff, on behalf of the Debtors, objects to any and all claims of the Defendant, including without limitation, all pre-petition and post-petition claims, pursuant to section 502(d) of the Bankruptcy Code.

32. The Plaintiff, on behalf of the Debtors, is entitled to judgment against the Defendant disallowing all claims of the Defendant unless and until Defendant returns all amounts due to the estate in this case as provided by section 502(d) of the Bankruptcy Code and any other separately filed objections to such claims are resolved.

## Count IV

33. Paragraphs 1 through 32, above, are incorporated herein by reference.

CINLibrary 0113837.0555079 2022536v1

34. The Defendant received the Preferential Transfers from the Debtors.

35. On or about May 9, 2008 (the "Demand Date"), the Plaintiff, on behalf of the Debtors, made written demand on the Defendant for the return of the Preferential Transfers.

36. The Defendant did not return the Preferential Transfers to the Plaintiff.

37. The Plaintiff, on behalf of the Debtors, is entitled to judgment against the Defendant in the amount of the Preferential Transfers, together with interest at the average of the Federal Reserve Board prime rate from the Demand Date until entry of judgment herein, and thereafter at the rate provided under 28 U.S.C. § 1961(a) from the date of entry of judgment until paid, plus costs and attorney's fees.

WHEREFORE, the Plaintiff, on behalf of the Debtors, demands judgment by this Court as follows:

A. Determining that the Preferential Transfers are avoidable and that the Plaintiff, on behalf of the Debtors, may recover $8550.00 from the Defendant under sections 547 and 550 of the Bankruptcy Code; and

B. Preserving the Preferential Transfers for the benefit of the Debtors' chapter 11 bankruptcy estates; and

C. Granting to the Plaintiff, on behalf of the Debtors, an award of pre-judgment interest, costs and attorneys fees, together with interest on the judgment at the federal judgment rate; and

D. Disallowing all claims of the Defendant in accordance with section 502(d) of the Bankruptcy Code; and

E. Granting the Plaintiff such other and further relief as this Court deems is just and appropriate under the circumstances.

CINLibrary 0113837.0555079 2022536v1

07-42671-kw    Doc 1054    FILED 10/21/09    ENTERED 10/21/09 12:33:45    Page 6 of 8

Dated: October 21, 2009　　　　　　　　　　　Respectfully submitted,

**FROST BROWN TODD LLC**

By: */s/ Beth A. Buchanan*
　　Ronald E. Gold, Esq. (0061351)
　　Joseph B. Wells, Esq. (0082775)
　　2200 PNC Center
　　201 East Fifth Street
　　Cincinnati, Ohio 45202
　　(513) 651-6800 – Telephone
　　(513) 651-6981 – Facsimile
　　rgold@fbtlaw.com – E-mail
　　jbwells@fbtlaw.com – E-mail

　　*- and -*

　　Beth A. Buchanan, Esq. (0068430)
　　9277 Centre Pointe Drive, Suite 300
　　West Chester, Ohio 45069
　　(513) 870-8200 – Telephone
　　(513) 870-0999 – Facsimile
　　bbuchanan@fbtlaw.com – E-mail


**ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF BLACKHAWK AUTOMOTIVE PLASTICS, INC. AND TIER E AUTOMOTIVE, INC.**.

# EXHIBIT A

## SCHEDULE OF TRANSFERS.

| Check Number | Transferee | Check Amount | Check Date |
|---|---|---|---|
| 141489 | GIANT EAGLE | 8,550.00 | 10/1/2007 |
| | **TOTAL** | **8,550.00** | |

CINLibrary 0113837.0555079 2022727v1